Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

FAITH GULER, individually and on behalf of all others similarly situated,

                          Plaintiff,

-against-

HOPSACK AND SILK PRODUCTIONS, INC., HOPSACK & SILK RECORDS, INC. and VALERIE SIMPSON, as an individual,

                          Defendants.

---------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **FAITH GULER, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **FAITH GULER, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **HOPSACK AND SILK PRODUCTIONS, INC., HOPSACK & SILK RECORDS, INC., and VALERIE SIMPSON, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at HOPSACK AND SILK PRODUCTIONS, INC. and HOPSACK & SILK RECORDS, INC., located at 254 West 72nd Street, New York, New York 10023.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff FAITH GULER residing at 82-25 Queens Boulevard, Elmhurst, New York 11373 was employed by Defendant at HOPSACK AND SILK PRODUCTIONS, INC. and HOPSACK & SILK RECORDS, INC. from in or around November 2015 until in or around February 2020.
9. Upon information and belief, Defendant, HOPSACK AND SILK PRODUCTIONS, INC., is a corporation organized under the laws of New York with a principal executive office at 254 West 72nd Street, New York, New York 10023.
10. Upon information and belief, Defendant, HOPSACK AND SILK PRODUCTIONS, INC., is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant, HOPSACK & SILK RECORDS, INC., is a corporation organized under the laws of New York with a principal executive office at 254 West 72nd Street, New York, New York 10023.
12. Upon information and belief, Defendant, HOPSACK & SILK RECORDS, INC., is a corporation authorized to do business under the laws of New York.

13. Defendants HOPSACK AND SILK PRODUCTIONS, INC. and HOPSACK & SILK RECORDS, INC., are hereinafter collectively referred to as the "Corporate Defendants."
14. At all times relevant to this action, the Corporate Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).
15. At all times relevant to this action, the Corporate Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and employed and/or jointly employed Plaintiff.
16. Upon information and belief, the Corporate Defendants shared common management, as all are owned and operated by individual Defendant VALERIE SIMPSON.
17. Upon information and belief, Defendants shared a common owner as individual Defendant VALERIE SIMPSON was an owner for both Corporate Defendants.
18. Upon information and belief, the Corporate Defendants shared the same pay practices to pay employees, including the Plaintiff.
19. Upon information and belief, the Corporate Defendants managed the same properties.
20. Upon information and belief, the Corporate Defendants functioned as an integrated enterprise.
21. As such, the Corporate Defendants were joint employers of Plaintiff from in or around November 2015 until in or around February 2020.
22. Upon information and belief, Individual Defendant VALERIE SIMPSON owns and operates HOPSACK AND SILK PRODUCTIONS, INC.
23. Upon information and belief, Defendant VALERIE SIMPSON is the Chief Executive Officer of the Corporate Defendants.
24. Defendant VALERIE SIMPSON is an agent of the Corporate Defendants.
25. Defendant VALERIE SIMPSON has power over personnel decisions for the Corporate Defendants including the power over all personnel decisions as to Plaintiff.
26. Upon information and belief, Defendant VALERIE SIMPSON has power over payroll decisions for the Corporate Defendants, including the power to set Plaintiff's pay, adjust Plaintiff's pay, and determine the manner and frequency in which Plaintiff was paid.

27. Defendant VALERIE SIMPSON has the power to hire and fire employees for the Corporate Defendants where the Plaintiff was primarily employed.
28. Defendant VALERIE SIMPSON establishes employees' wages, set employees' work schedules, and maintains employees' employment records, including Plaintiff, for the Corporate Defendants.
29. Defendant VALERIE SIMPSON distributed pay to employees of the Corporate Defendants, including the Plaintiff.
30. Defendant VALERIE SIMPSON would inform Plaintiff where he would need to go to perform work, would advise Plaintiff what time to arrive at the job site and would provide Plaintiff his pay.
31. Defendant VALERIE SIMPSON would supervise Plaintiff and instruct Plaintiff on what tasks needed to be performed.
32. During all relevant times herein, Defendant VALERIE SIMPSON was Plaintiff's employer within the meaning of the FLSA and NYLL.
33. On information and belief, HOPSACK AND SILK PRODUCTIONS, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
34. On information and belief, HOPSACK & SILK RECORDS, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

35. Plaintiff FAITH GULER was employed by Defendants at HOPSACK AND SILK PRODUCTIONS, INC. and HOPSACK & SILK RECORDS, INC. from in or around November 2015 until in or around February 2020.

36. During Plaintiff FAITH GULER'S employment by the Corporate Defendants, Plaintiff's primary duties were as personal assistant, while performing other miscellaneous duties such as driving, picking up groceries and packages, and anything else the Defendant requested from in or around November 2015 until in or around February 2020.

37. Plaintiff FAITH GULER was paid by Defendants approximately $20.00 per hour from in or around November 2015 until in or around December 2016, and approximately $22.00 per hour from in or around January 2017 until in or around February 2020.

38. Plaintiff FAITH GULER worked approximately seventy-eight (78) or more hours per week for the Corporate Defendants from in or around November 2015 until in or around February 2020

39. Plaintiff regularly worked six to seven (6-7) days per week and approximately twelve (12) hours per day.

40. Although Plaintiff FAITH GULER worked approximately seventy-eight (78) or more hours per week during his employment by the Corporate Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

42. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

43. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

46. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

47. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

49. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

50. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

57. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

60. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### PRAYER FOR RELIEF
**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 20th day of July 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAITH GULER, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

HOPSACK AND SILK PRODUCTIONS, INC., HOPSACK & SILK RECORDS, INC., and VALERIE SIMPSON, as an individual,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**HOPSACK AND SILK PRODUCTIONS, INC.**
**410 PARK AVENUE, 10TH FLOOR**
**NEW YORK, NEW YORK 10022**

**254 WEST 72ND STREET**
**NEW YORK, NEW YORK 10023**


**HOPSACK & SILK RECORDS, INC.**
**410 PARK AVENUE, 10TH FLOOR**
**NEW YORK, NEW YORK 10022**

**254 WEST 72ND STREET**
**NEW YORK, NEW YORK 10023**


**VALERIE SIMPSON**
**254 WEST 72ND STREET**
**NEW YORK, NEW YORK 10023**

9